**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ADALBERTO ZALDIVAR, Sr.,

             Plaintiff-Appellant,

  v.

CHARLES L. RYAN; et al.,

             Defendants-Appellees.

No. 19-15442

D.C. No. 2:18-cv-01160-DGC-DMF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted May 18, 2021[**]

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Arizona state prisoner Jose Adalberto Zaldivar, Sr. appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo the district court's dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Zaldivar's access-to-courts, interference with mail, and retaliation claims because Zaldivar failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement); *Nordstrom v. Ryan*, 856 F.3d 1265, 1271 (9th Cir. 2017) (discussing a prisoner's First Amendment right to send and receive mail); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

The district court properly dismissed Zaldivar's Privacy Act claims, retaliation claims arising from incidents in 2005, and his interference with legal mail claims arising from incidents in 2005 and 2006, as time-barred. *See* Ariz. Rev. Stat. § 12-542 (two-year statute of limitations for personal injury claims); *Soto v. Sweetman*, 882 F.3d 865, 870-71 (9th Cir. 2018) (state tolling and statute of limitations for personal injury claims apply to § 1983 action, and federal law governs when claim accrues, which is when a plaintiff knows or should know of the injury that forms the basis for his cause of action); *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1128 (9th Cir. 2006) (there is a two year statute of

limitations for Privacy Act claims, with a potential addition of an extra two years for a material, willful misrepresentation). Contrary to Zaldivar's contention, the continuing violation doctrine does not save his interference with legal mail claims from being time-barred.

Zaldivar's request for injunctive relief, set forth in his opening brief, is denied.

**AFFIRMED.**